■ LAWRENCE OPEDAL, Respondent, v. ATLANTIC COMPANIES, Appellants.— Order, Supreme Court, New York County, entered on November 15, 1972, affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. Concur — Stevens, P. J., Nunez and Kupferman, JJ.; Markewich and Steuer, JJ., dissent in the following memorandum: We dissent only insofar as Special Term granted permission to replead the second and third causes of action. Special Term allowed amendment to enable plaintiff to plead special damages thereby qualifying the request for relief as prima facie tort. The facts pleaded are briefly these. Defendant is a fire insurance company. Plaintiff was an employee and also an insured under a policy. He suffered a fire in the insured property and he and the company failed to agree on the extent of the damage. After a short period, characterized by strained relations, he was discharged. When he sought employment from other companies defendant gave him no recommendation and responded to inquires only with information as to the extent of the period he was in their employ. Concededly plaintiff's employment was a hiring at will. It is not disputed that under such a relationship either party can terminate the relationship for any or no reason at all. Likewise, as to the third cause of action it is undisputed that an employer is not required to give a recommendation or any information concerning a former employee. These are the very acts complained of. The net conclusion is that while these acts are without legal consequence they somehow import liability in this instance. It comes down to this. If an employer and his employee are at odds to the extent that the employer no longer wishes to have the employee associated with him, he cannot terminate the relationship without exposure to tort liability for so doing. This is a complete contradiction in terms. That such a proposition can be seriously entertained stems from extending the doctrine of prima facie tort beyond its logical limits. In any situation where motives rather than acts form the basis of liability, ad hoc determinations are inevitable. When these are allowed to transcend established principles there is no guide to conduct and every act is a potential ground for damages.